### GORDON et al. v. FRENCH AMERICAN STORES CO.

(Supreme Court, Appellate Term. January 5, 1912.)

WORK AND LABOR (§ 4*)—IMPLIED PROMISE.

    The performance by plaintiff of work for defendant, with knowledge of defendant, raises an implied promise to pay the reasonable value thereof, unless defendant could assume that the work was performed under a contract which it had with a third person; and where the court could not determine that the work was included in the contract, plaintiff could recover the reasonable value, especially in view of defendant's admission that the work was performed after the third person had been paid in full.

    [Ed. Note.—For other cases, see Work and Labor, Cent. Dig. §§ 3–7; Dec. Dig. § 4.*]

Appeal from Municipal Court, Borough of Manhattan, Eighth District.

Action by Morris Gordon and another against the French American Stores Company. From a judgment of the Municipal Court for defendant, plaintiffs appeal. Reversed, and new trial ordered.

Argued before SEABURY, LEHMAN, and PAGE, JJ.

Louis J. Gold, for appellants.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

LEHMAN, J.   The plaintiffs claim that they performed certain work and labor and furnished certain materials to defendant at its special instance and request.   There is no dispute about the performance of the work or about its reasonable value.   The plaintiffs claim, and they are to some extent corroborated by a disinterested witness, that they had done some work for a contractor named Porter in the defendant's store, and that thereafter the defendant's president telephoned to them, and ordered the work sued for, and told them to send the bill to him.   The defendant's president denies any specific orders, and claims that the work was done under a written contract between the corporation and Porter.   He admits, however, that the work was performed after Porter was paid in full.

It seems to me that the performance of the work with the defendant's knowledge and consent raises an implied promise to pay its reasonable value, unless the defendant had the right to assume that the work was being performed under its contract with Porter.   This contract was not produced, and the vague testimony of defendant's president as to its contents is insufficient to permit the court to determine that this work was included in its terms, especially in view of the admission that the work was performed after Porter was paid in full.

Judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event.   All concur.